## The People of the State of Illinois, Defendant in Error, v. Matt Buconich and John Buconich, Plaintiffs in Error.

### Gen. No. 21,159.   (Not to be reported in full.)

Error to the City Court of Chicago Heights; the Hon. CHARLES H. BOWLES, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed May 12, 1916.

### Statement of the Case.

Proceeding for contempt by the People of the State of Illinois against Matt Buconich and John Buconich, defendants, for violation of an injunction order. To reverse an order finding defendants guilty, this writ of error is prosecuted.

It appeared that on or about the 23rd of September, 1914, a bill was filed by Lee Hook and Peter Casazza, the relators, seeking to restrain defendants and others from conducting a house of ill-fame in the City of Chicago Heights. On September 24th an injunction was issued, restraining defendants from using or occupying said premises for the maintenance of a house of ill-fame. Defendants were duly served with a writ of summons and the writ of injunction on September 26th.

On October 10th a petition was filed by the relators, which set forth, *inter alia,* the filing of the original bill, the issuance of the temporary writ of injunction, service of a copy thereof upon each of the defendants, and that since the issuance thereof and the service of copies upon the defendants, said defendants had continued conducting said premises as a house of prostitution. Said petition prayed for an attachment to issue against the defendants for contempt of court, and contained interrogatories for the defendants to answer. A rule was entered upon defendants to show cause why

they should not be punished therefor, and defendants having on October 26th entered their appearances, the cause proceeded to a hearing.

On behalf of the prosecution seven witnesses testified on direct examination and two were called in rebuttal, their testimony supporting the allegations set forth in the petition. The only testimony given on behalf of the defendants was their own testimony which was to the effect that neither of them had, since the issuance of said injunction and the service thereof upon them, conducted a house of ill-fame on the premises in question for the practice of prostitution; that, at most, they entered the said premises only two or three times, and then only for the purpose of getting wearing apparel and other property belonging to them. There were several witnesses called in rebuttal, whereby some of the statements made by defendants in their testimony were contradicted. At the conclusion of the hearing the court found both defendants guilty, imposing a fine of one hundred dollars and costs, and sentencing them to six months in the Cook county jail.

In urging a reversal, defendants contended: First, that the keeping of a house of ill-fame constituted a crime under the statutes, and that the filing of the bill for an injunction was in effect an attempt to punish crime, and that a court of equity was without jurisdiction so to do. The bill charged that defendants were keeping a house of ill-fame, in violation of the laws of the State; that defendants had been repeatedly arrested, in some instances having pleaded guilty and in others being found guilty; that at the time of the filing of said bill, like prosecutions were pending; that these acts were detrimental to the interests of the community, subversive of public morals; that the maintenance of the premises as a house of ill-fame constituted a common nuisance, resulting in a lowering of the standard of morality in the neighborhood, and a depreciation of property values; and that the laws of

the State although providing for punishment in such cases, did not prevent defendants from conducting such a place.

PEDEN, KAHN & MURPHY, for plaintiffs in error.

MACLAY HOYNE, for defendant in error.

MR. PRESIDING JUSTICE PAM delivered the opinion of the court.

## Abstract of the Decision.

1. INJUNCTION, § 1*—*when bill for injunction not an attempt to punish for crime.* A bill to enjoin defendants from using or occupying certain premises for the maintenance of a house of ill-fame is not an attempt to punish for a crime but to abate a continuing nuisance and, as such, within the jurisdiction of equity.

2. CONTEMPT, § 1*—*how proceedings classified.* Proceedings for contempt of court are of two classes, those which are criminal in their nature, which are called common-law contempts, and those which are intended as purely civil remedies, which ordinarily arise out of the alleged violation of some order entered in the course of a chancery proceeding and are known as civil contempts.

3. CONTEMPT, § 61*—*when denial under oath insufficient to purge contempt.* A proceeding for contempt of court in violation of an injunction against using and occupying premises for the maintenance of a house of ill-fame is a civil proceeding and defendants are not relieved from punishment by a denial under oath of the acts with which they are charged.

4. CONTEMPT, § 69*—*when evidence sufficient to support order.* In a proceeding for civil contempt in violating an injunction, evidence *held* sufficient to support a finding that defendants were guilty of contempt.

5. CONTEMPT, § 74*—*when punishment inflicted by court for civil contempt not interfered with.* The punishment of a civil contempt is within the sound discretion of the court, and unless there is a manifest abuse of this discretion and the law of the land or the principles of equity have been violated in the exercise thereof, the action of the court is not subject to review.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.